A. J. GUERRANT *v.* SARAH DAWSON et al.

1. PARTIES: IN A SUIT TO ENFORCE MECHANIC'S LIEN, THE DEBTORS, ADMINISTRATOR, AND HEIRS, ARE NECESSARY PARTIES.—Both administrator and the heirs are necessary parties to a proceeding by a mechanic, to enforce his lien on the realty of the decedent.
2. VENUE: OF A SUIT TO ENFORCE MECHANIC'S LIEN IN THE COUNTY WHERE THE LAND IS SITUATED.—A suit by a mechanic to enforce his lien is a proceeding *in rem*, and may be prosecuted in the county where the land is situated, without reference to the residence of the defendants.

IN error from the Circuit Court of Clarke county. Hon. William M. Hancock, judge.

*T. J. Wharton* and *S. A. D. Steele,* for the plaintiff in error.

No counsel appeared for defendant in error.

FISHER, J., delivered the opinion of the court.

The plaintiff below filed his petition in the Circuit Court of Clarke county against the administrator and heirs-at-law of A. B. Dawson, deceased, alleging that he, the plaintiff, as a mechanic, had made certain improvements on a tract of land owned by the deceased, and particularly described in the petition. That under the contract made with the deceased, he, the plaintiff, had a lien on the said land for the payment of the amount due him for his services, &c. The administrator appeared and filed a demurrer to the petition on the ground that he was not a necessary party to the suit, as the object of the proceeding was to subject real estate to the payment of the plaintiff's debt; and the court sustained the demurrer, and dismissed the petition as to the administrator. This

was clearly erroneous. The administrator was a necessary party, as the personal estate was, in the event of a recovery, liable to the payment of the judgment, the lien being but an additional security, which the plaintiff had, or to which he could resort for the payment of his debt. The heirs having a direct interest in the land were also necessary parties to the suit, and were therefore properly joined with the administrator.

After the judgment on the demurrer, the court dismissed the petition as to the heirs, on the ground that they did not reside in the county of Clarke. The suit as to the heirs was a proceeding *in rem*, and the land being situated in that county, it was therefore properly commenced, even if they were the only parties, in the county of Clarke.

Judgment reversed, demurrer overruled, and cause remanded.